# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:10CR00002-004 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| STEVEN RIGGS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Timothy W. McAfee, McAfee Law Firm, Norton, Virginia, for Defendant.*

The defendant, who has been sentenced by this court and who has noted an appeal, has requested the court to correct certain alleged errors in the certified transcript of his sentencing hearing, which is part of the record on appeal. For the reasons that follow, the requests will be granted in part and denied in part.

Changes to the record on appeal are governed by the Federal Rules of Appellate Procedure, which provide that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. (10)(e)(1).

A certified transcript of evidence is entitled to a statutory presumption of accuracy. 28 U.S.C.A. § 753(b) (West 2006) (providing that "[t]he transcript in

any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had"). "Mere assertions that the record is wrong are not sufficient to overcome this presumption." *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2008 WL 5377839, at *1 (D. Kan. Dec. 19, 2008); *see United States v. DiPietro,* No. 02 Cr 1237(SWK), 2007 WL 2164262, at *2 (S.D.N.Y. July 25, 2007) (holding that district court may correct transcript where there is "clear evidence" of error).

The government has responded to the defendant's requests and has no objection to some of the changes. Based upon my examination of the transcript, I find that certain corrections are proper. These errors are obvious from the context and understandable auditory mistakes. However, as to the remaining requested changes, I find that the defendant has not overcome the presumption of accuracy.[1] The question, of course, is not what the witness meant to say, but what was actually said. In fact, none of the requested changes are crucial to the issues involved in the hearing or otherwise outcome determinative.

For these reasons, it is **ORDERED** as follows:

1. The following corrections are APPROVED in the transcript of the hearing conducted on June 21, 2011 (ECF No. 400):

Page 50, Line 19, change "140 or 180" to "one 40 or one 80."

---

[1] As part of his requests, defense counsel has asked for a review of the "audio recording" of the hearing. There is no such audio recording.

-2-

Case 2:10-cr-00002-JPJ-RSB   Document 443   Filed 01/03/12   Page 2 of 3   Pageid#: 1755

Page 155, Line 18, change "Yeah, I did tell him Big Stone" to "Yeah, I didn't tell him Big Stone."

Page 155, Line 21, change "Hines" to "Haynes."

Page 156, Line 14, change "a probation violation" to "not a probation violation."

Page 161, Line 13, change "fifties" to "fifteens."

Page 164, Line 15, change "Dave Logsdon" to "Dave Lawson."

Page 165, Line 3, change "I shaved up a pill and resold it" to "I shaved up a pill and we snorted it."

Page 165, Line 23, change "Put two and two together" to "He put two and two together."

Page 166, Line 15, change "meant" to "admitting to."

2. The remaining requests for changes are DENIED.

3. The court reporter shall file an amended transcript with the above-approved corrections.

4. The clerk shall provide a copy of this Order to Bridget A. Dickert, Official Court Reporter, and to the clerk of the court of appeals.

ENTER: January 3, 2012

/s/ James P. Jones
United States District Judge

Case 2:10-cr-00002-JPJ-RSB   Document 443   Filed 01/03/12   Page 3 of 3   Pageid#: 1756