# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:10CR00002-004 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| STEVEN RIGGS, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Steven Riggs, Pro Se Defendant.*

An evidentiary hearing is necessary to resolve defendant Steven Riggs' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 496). Riggs pleaded guilty to one count of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, without the benefit of a plea agreement with the government. In one of his § 2255 claims, Riggs alleges that counsel rendered ineffective assistance, in violation of the Sixth Amendment, by persuading Riggs to reject a written plea offer from the United States. (Br. Supp. § 2255 Mot. 84-86, ECF No. 497.) The written plea offer ostensibly would have caused Riggs' Sentencing Guideline range to be between 140 to 175 months, instead of the 168 to 210 month range that ultimately was determined by the court at sentencing.[1] (*Id.*, Ex. 1.) Riggs alleges that counsel

---

[1] This disparity is a result of a two-level increase to the base offense level due to

advised him to plead guilty without the benefit of the written plea offer in order to challenge the drug weight attributed to him via the conspiracy to distribute oxycodone. Significantly, he alleges that his attorney told him that "his drug weight would be no higher than that offered in the plea agreement." (*Id.* at 18.) Consequently, Riggs presents at least a colorable claim of ineffective assistance of counsel, and the court defers adjudication of Riggs' other § 2255 claims. *See, e.g.*, *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

For these reasons, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss (ECF No. 499) is DENIED;

2. Riggs' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 will be subject to an evidentiary hearing before the undersigned limited to the sole issue of whether the defendant was misled into rejecting the proffered plea agreement;

3. The Federal Public Defender for this District is hereby appointed to represent the defendant at such hearing; and

4. The clerk will schedule the hearing and will arrange for the defendant to appear at the hearing by video conference from his place of incarceration.

---

the different amounts of drug weight attributed to Riggs. The written plea offer stipulated to the equivalency of 400 to 699.99 kilograms of marijuana, while 772.18 kilograms was attributed to Riggs without the benefit of the written plea offer. The court sentenced Riggs to 210 months' incarceration. (Judgment, Sept. 28, 2011, ECF No. 412.)

The clerk will send copies of this Order to the defendant and to the Federal Public Defender in Abingdon.

ENTER: April 27, 2015

/s/ James P. Jones
United States District Judge