IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10CR00002-004 |
| v. | OPINION |
| STEVEN RIGGS, | By: James P. Jones |
| Defendant. | United States District Judge |

*Charlene R. Day, Assistant United States Attorneys, Roanoke, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive to the defendant's case by USSG § 1B1.10(d).

The court may reduce the term of imprisonment of a defendant made eligible under § 1B1.10, "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the § 3553(a) factors, the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii).

When originally sentenced, the defendant was determined to have an advisory imprisonment range of 168 months to 210 months, based upon an Offense Level of 30, with a Criminal History Category of six. The defendant was sentenced to 210 months of incarceration, at the high end of that range. Because of Amendment 782, the new guideline range applicable to the defendant is 140 months to 175 months, based upon a new Offense Level of 28.

As required, I have considered all of the relevant factors, including those emphasized in the defendant's motion. While I find that it is appropriate to reduce the defendant's sentence, I believe that a sentence of 175 months is appropriate in light of the defendant's criminal history and other characteristics. The defendant was originally sentenced at the high end of the guideline range because he has a lengthy and serious criminal history, which can be traced back to when he was only 18 years old, and which includes offenses like obstruction of a law enforcement officer in performance of his duties, possession of firearms by a convicted felon, breaking and entering, and identity theft.

The defendant argues that his new sentence should be reduced to the low end of the amended guideline range because of the rehabilitative steps he has taken since starting his current sentence. Specifically, the defendant has taken a number of classes and has completed a drug program. While the defendant should be commended for taking these steps, they do not negate the fact that he has consistently engaged in illegal activities throughout his adult life. The reduced

sentence of 175 months is comparable to the defendant's original sentence, which is a sufficient but not greater than necessary sentence, even in light of the defendant's post-sentencing conduct and rehabilitation efforts.

In addition, the defendant requests that his sentence be modified so that it can run concurrently with a state sentence that he is required to serve. However, pursuant to the Federal Sentencing Guidelines, Amendment 782 does not empower me to make such a change to the defendant's sentence. *See* USSG § 1B1.10(a)(3).

Accordingly, the defendant's sentence will be lowered to 175 months, but no other changes will be made to his sentence. A separate Order reflecting this change will be entered herewith.

ENTER: February 10, 2016

/s/ James P. Jones
United States District Judge