# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:10CR00002-004 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| STEVEN RIGGS, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Steven Riggs, Pro Se Defendant; Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States.*

The defendant, Steven Riggs, is a federal inmate previously sentenced by this court and has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States filed a Motion to Dismiss, arguing that the § 2255 motion must be dismissed pursuant to 28 U.S.C. § 2255(h) as an unauthorized "second or successive" motion.

It is true that Riggs' pending § 2255 motion is second numerically, but a numerically second § 2255 motion is not always "second or successive" under 28 U.S.C. § 2255(h). For example, the Court of Appeals for the Fourth Circuit has held that an additional collateral attack is not "second or successive" when the factual basis for the additional collateral attack does not arise until after a prior

collateral attack was adjudicated. *See, e.g.*, *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999).

Riggs alleges that a "new fact" establishes the illegality of his sentence and that the "new fact" had been undiscoverable until January 15, 2016, which was nearly two months after I adjudicated his first § 2255 motion. Thus, Riggs' allegations implicate the holding of *Hairston*, which the United States has not yet addressed. Accordingly, the United States' Motion to Dismiss is DENIED, and the United States shall FILE another response within thirty days.

It is so **ORDERED**.

ENTER: May 18, 2018

/s/ James P. Jones
United States District Judge