# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:10CR00002-004 |
| v. | ) OPINION |
| | ) |
| STEVEN RIGGS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Steven Riggs, Defendant Pro Se.*

The defendant, Steven Riggs, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

On May 3, 2010, Riggs pleaded guilty without a plea agreement to one count of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Riggs admitted to repeatedly driving from Virginia to Florida with other individuals to illegally obtain oxycodone and then bringing the oxycodone back to southwest Virginia, where much of it was distributed.

Prior to his sentencing, Riggs lodged numerous objections to the Presentence Investigation Report ("PSR"). Pertinent to the instant § 2255 motion, he argued that the offenses described in paragraphs 112 and 113 of the PSR were "relevant

conduct" and that he should not have received criminal history points for those offenses. Paragraph 112 listed a conviction for two counts of forging a public record in Wise County, Virginia on August 1, 2008. Paragraph 113 listed several charges for conduct occurring in Scott County, Virginia, on January 7, 2009. The offenses of which Riggs was convicted included driving on a revoked license, speeding, forging a public document, identity theft, and obstruction of justice. Riggs had been stopped for speeding and had shown the police officer a Tennessee driver's license identifying himself as William J. Altizer. He had also signed the summons with that name.

A sentencing hearing was held on June 21, 2011, during which Riggs testified at length. Riggs was represented by retained counsel at sentencing. Regarding paragraphs 112 and 113 of the PSR, Riggs testified as follows:

> Q There are some charges on your PSR where you had given false identities. What was the purpose of giving false identities?
>
> A Well, . . . I've had a lot of speeding tickets, and my license was suspended at the time, and being that I usually had drugs in my possession there were a couple of cases that I had someone else's ID in my possession in case I did get pulled over.
>
> Q You wanted to avoid detection?
>
> A Well, I mean, it wouldn't be the worst thing in the world to be pulled over for speeding and not have a license, which I did do that. I would use the alternate identities in case I did get pulled over. I didn't want the police searching my car and finding a bunch of drugs in my possession.

Sentencing Hr'g Tr. 147, ECF No. 400.

In his Sentencing Memorandum, Riggs asserted,

> In order to avoid detection for possessing Oxycontin, Riggs gave fraudulent information and false identification as a perceived lesser charge as opposed to being arrested and searched and found to be in possession of these drugs he would have been charged with possession of oxycontin or possession with the intent to distribute oxycontin.

Sentencing Mem. 37, ECF No. 406. "Riggs contends that these events occurred to avoid detection, and thus are appropriately included as relevant conduct." *Id.* at 38.

After considering all the evidence, I overruled Riggs's objections to Paragraphs 112 and 113 of the PSR. On September 27, 2011, I sentenced Riggs to 210 months' imprisonment. Riggs appealed, raising his argument about Paragraphs 112 and 113 to the court of appeals. The court of appeals considered and rejected the argument. *United States v. Riggs*, 493 F. App'x 401, 403-05 (4th Cir. 2012) (unpublished), *cert. denied*, 133 S. Ct. 993 (2013). The court reasoned,

> Only Riggs himself attempted to connect these offenses to the conspiracy, and then only at the sentencing hearing, when he had a motive to do so. Moreover, none of the offenses that Riggs seeks to connect to the conspiracy occurred along the route to Florida and instead each occurred locally in Kentucky, Tennessee, or Virginia. Based on the totality of the evidence, the district court was not required to believe Riggs's testimony, and did not err by rejecting it.

*Id.* at 405.

Riggs filed his first § 2255 motion on January 22, 2014. In that motion, he asserted four grounds, which did not include the ground he asserts in his present

motion. I denied his initial § 2255 motion. *United States v. Riggs*, No. 2:10CR00002-004, 2015 WL 7573242 (W.D. Va. Nov. 25, 2015).

In his present § 2255 motion, Riggs contends that a Florida traffic ticket issued the day before the events described in Paragraph 113 of the PSR constitutes new evidence showing that the convictions listed in Paragraph 113 were for related conduct for which he should not have received criminal history points. Riggs states that he was unable to obtain a copy of the ticket until January 15, 2016, after I had decided his initial § 2255 motion. Riggs also asserts that the Wise County, Virginia, Circuit Court issued a *nunc pro tunc* order suspending his sentence of incarceration for the convictions listed in Paragraph 112 of the PSR. According to Riggs, because the order is substituted for the original state court sentence and removes all prison time, the order should result in fewer criminal history points, a lower guidelines range, and a reduced sentence.

The United States argues that Riggs's present § 2255 motion must be dismissed as a successive motion which he did not obtain leave to file. The United States further argues that Riggs raised the issue regarding Paragraph 113 on direct appeal and is simply trying to relitigate that issue, which has already been addressed by the court of appeals. Regarding the *nunc pro tunc* state court order, the United States argues that the court was only required to consider the situation at the time of sentencing, not events that may have happened afterward. Finally,

the United States argues that even if Riggs's arguments were valid, misapplication of the sentencing guidelines would not amount to a miscarriage of justice that would justify postconviction relief.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria involving newly discovered evidence or a new rule of constitutional law. *See* § 2255(h). However, the Fourth Circuit has held that an additional collateral attack is not "second or successive" when the factual basis for the additional collateral attack does not arise until after a prior collateral attack was adjudicated. *See, e.g.*, *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999).

Riggs alleges that a "new fact" establishes the illegality of his sentence and that the "new fact" had been undiscoverable until January 15, 2016, which was nearly two months after I adjudicated his first § 2255 motion. I disagree with that assertion. Even if Riggs could not obtain a copy of the Florida traffic ticket until 2016, he was aware that the ticket existed and knew of the facts underlying that citation. He could have testified about the Florida ticket at his sentencing hearing or raised this issue in his initial § 2255 motion. He did not do so. Riggs has failed to show the existence of a new fact, previously undiscoverable, that would render his present § 2255 motion not successive.

As for the state court's *nunc pro tunc* order, the order does not indicate when it was actually entered. The United States has offered evidence showing that the order was entered on April 18, 2012, well before Riggs filed his initial § 2255 motion on January 22, 2014. Riggs' evidence is not new, and the § 2255 motion raising this issue is therefore successive. Moreover, the relevant information for determining the appropriate guidelines range is the defendant's criminal history as it existed at the time he committed the crimes for which he is being sentenced, and an after-the-fact change in a state sentence or conviction would not provide a basis for collateral relief. *See, e.g.*, *United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012); *United States v. Pech-Aboytes*, 562 F.3d 1234, 1239 (10th Cir. 2009); *United States v. Martinez-Cortez*, 354 F.3d 830, 832 (8th Cir. 2004).

Because the defendant has previously pursued relief under § 2255 and offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must deny his current motion without prejudice as successive. For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: March 11, 2019

/s/  James P. Jones
United States District Judge

- 7 -

Case 2:10-cr-00002-JPJ-PMS   Document 638   Filed 03/11/19   Page 7 of 7   Pageid#: 2832